UNITED STATES of America, Appellee,

v.

**TRI-STATE MOTOR TRANSIT CO., INC., Appellant.**

No. 76–3040.

United States Court of Appeals, Ninth Circuit.

March 17, 1977.

Albert Thomson, argued, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, Mo., for appellant.

Kenneth Bauman, Asst. U. S. Atty., argued, Portland, Or., for appellee.

Before KOELSCH, DUNIWAY and GOODWIN, Circuit Judges.

PER CURIAM:

Tri-State Motor Transit Company appeals a judgment of a fine and probation for unlawfully parking a truck and trailer loaded with explosives within 300 feet of a building "where people work, congregate, or assemble * * *."[1]

The record shows that Tri-State's driver parked the loaded truck and trailer about 100 feet from a busy motel and restaurant in Baker, Oregon, and left it substantially unattended for some 15 hours. The driver's excuse was that snow had made driving more hazardous than parking, and that he thought he had parked the truck in as safe a place as was reasonable and practicable under all the circumstances. There was evidence before the jury to the effect that equally safe parking spaces were available more than 300 feet from occupied buildings, and a guilty verdict was returned.

The principal assignment of error involves the instructions. The judge read to the jury the substance of the quoted regulation, including the exception, but did not again in the instructions call specific attention to the exception. No such specific instruction had been requested by either party.

---

1. 49 C.F.R. 397.7(a)(3) provides that:

"A motor vehicle which contains Class A or Class B explosives must not be parked * * * within 300 feet of a bridge, tunnel, dwelling, building, or place where people work, congregate, or assemble, except for brief periods when the necessities of operation require the vehicle to be parked and make it impracticable to park the vehicle in any other place."

Tri-State now contends that the judge, sua sponte, should have explained to the jury how, if the jurors believed that it was impracticable to park the vehicle in any other place, they should find the defendant not guilty. There was no error in failing to underscore the defendant's argument in this manner.

The instructions that were given fully and fairly explained the jury's duty, and while the court could have given the additional instruction Tri-State now says should have been given, the court was not required to give it. Error cannot be predicated upon the omission of an unrequested instruction unless the omission is "plain error" under the stringent tests appellate courts apply to such a characterization.

The only evidence, other than the driver's opinion that he thought he had done the best he could under the circumstances, was that there were other places in the city of Baker where the truck could have been safely and legally parked to wait out the storm. Accordingly, there could be no "plain error" in omitting an academic instruction on a point that was largely hypothetical.

Affirmed.